UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENEISHA CANTY,

        Plaintiff,
v.                           Case No. 8:16-cv-3161-T-33MAP

UNITED COLLECTION SERVICE,
INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. Plaintiff Keneisha Canty, a resident of Lake County, Florida, asserts that Defendant United Collection Service, Inc., violated the terms of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, inter alia, by "repeatedly report[ing] two disputed debts as non-disputed" to credit reporting agencies and by "fail[ing] to make a reasonable reinvestigation after notice of dispute from a [credit reporting agency] since any reasonable reinvestigation would have determined that United's reporting was no longer accurate or complete without reference to the fact the debts were disputed." (Doc. # 1 at ¶¶ 53-56, 59).

On November 10, 2016, Canty filed suit against United in this Court, predicating subject matter jurisdiction on the

1

presentation of a Federal Question – i.e. Canty's demand for relief under the FDCPA and FCRA. (Doc. # 1). Canty also alleges that "[v]enue is proper in this District because the events giving rise to this cause of action occurred in Florida's Middle District." (Id. at ¶ 4).

28 U.S.C. § 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Upon review of the Complaint, it is apparent that venue is proper in the Middle District of Florida, but is not proper in the Tampa Division of the Court. Rather, this action belongs in the Ocala Division of the Court. Accordingly, on November 15, 2016, the Court entered an order directing Canty to advise the Court why this case should not be transferred to the Ocala Division. (Doc. # 4). The record reveals that Canty has not provided such information.

Canty's Complaint describes her dispute with United regarding the disputed debts and her credit report. The Complaint does not contain any allegation or assertion with any connection to the Tampa Division of the Middle District

2

of Florida. Rather, it appears that the relevant complained of conduct took place in Lake or Sumter County, Florida, which are located in the Ocala Division of the Middle District of Florida. Local Rule 1.02(b)(2) specifically explains that "the Ocala Division shall consist of the following counties: Citrus, Lake, Marion, and Sumter. The place of holding court shall be Ocala."

The allegations of the Complaint bear no connection to the Tampa Division of this Court (which is comprised of the following counties: Hardee, Hernando, Hillsborough, Manatee, Pasco, Pinellas, Polk, and Sarasota). Accordingly, the Court sua sponte transfers this case to the Ocala Division of the United States District Court for the Middle District of Florida.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to transfer this case to the Ocala Division of the United States District Court for the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of November, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE